FILED - USDC - FLMD - JAX
SEP 4 2026 AM8:50

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RONDRIEKAS "RON" DARBY,

CASE NO.: 3:26-CV-2266-MMH-LLL

Plaintiff,

v.

BAPTIST HEALTH MEDICAL CENTER, and
AMERICAN DATA NETWORK, LLC,

Defendants.

______________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff RON DARBY,[1] and files this Complaint and Demand for Jury Trial against Defendants Baptist Health Medical Center and American Data Network, LLC. In support thereof, Plaintiff states the following:

**NATURE OF THE ACTION**

1. This is an action to remedy Defendants' violations of the Americans with Disabilities Act ("ADA") as amended by the ADA Amendments Act ("ADAAA"), 42 U.S.C. §12101, et seq.

2. This is an action to remedy Defendant's violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e ("Title VII").

---

[1] This Complaint was prepared with the assistance of counsel for Plaintiff to file *pro se*.

3. This is an action to remedy Defendants' violations of 42 U.S.C. § 1981 ("Section 1981").

4. This is an action to remedy Defendants' violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 ("FMLA").

5. This is an action to remedy Defendants' violations of the Florida Civil Rights Act of 1992 ("FCRA"), Section 760.01, et seq., Florida Statutes.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343(a).

7. This Court has supplemental jurisdiction over Plaintiff's state law claims under the FCRA pursuant to 28 U.S.C. §1367.

8. Venue is proper in the Middle District of Florida, Jacksonville Division, as the events pertinent hereto occurred in Duval County, Florida and pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

9. Plaintiff, Rondriekas "Ron" Darby ("Plaintiff" or "Mr. Darby") is a natural born person who at all times relevant to this action was an employee of Defendants American Data Network and Baptist Health Medical Center (jointly "Defendants").

10. Plaintiff is a resident of Duval County, Florida.

11. Plaintiff is a "person as the term is defined by the ADA, Title VII, FMLA and FCRA.

12. Defendant Baptist Health Medical Center ("Baptist Health") is a corporation operating and doing business in Duval County, Florida.

13. Baptist Health is an employer as the term is defined by the ADA, Title VII, FMLA, and the FCRA.

14. Defendant American Data Network, LLC ("American Data Network" or "ADN") is a limited liability company operating and doing business in Duval County, Florida.

15. American Data Network is an employer as defined by the ADA, Title VII. FMLA, and the FCRA.

16. Defendants are joint employers of Plaintiff as Defendants jointly exercised control over the working conditions of Plaintiff and co-determined matters concerning the essential terms and conditions of Plaintiff's employment.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

17. Prior to filing this action, Plaintiff filed a charge of Discrimination ("Charge"), Charge No. 510-2025-08675 with the United States Equal Opportunity Commission ("EEOC") on June 9, 2025, alleging discrimination on the basis of race and disability and retaliation against Baptist Health and Charge No. 510-2025-

08673, alleging discrimination on the basis of race and disability and retaliation against American Data Network.

18. Both Charges were dual filed with the Florida Commission on Human Relations ("FCHR") pursuant to the agencies' work-sharing agreement.

19. The FCHR did not issue any findings with regard to Plaintiff's Charges within 180 days of their filing.

20. On June 8, 2026, The EEOC issued Plaintiff a Notice of Right to Sue in Charge No. 510-2025-08673 and on June 24, 2026, the EEOC issued Plaintiff a Notice of Right to Sue in Charge No. 510-2025-08675 giving him 90 days to commence a civil action, respectively.

21. All administrative prerequisites, if any, have been met for each claim brought in this action and each claim is timely brought.

## STATEMENT OF FACTS

22. Plaintiff began working for Defendants on or about January 2, 2024, as a Quality Control Specialist.

23. Plaintiff was hired through Baptist Health's hiring procedures and worked at ADN.

24. Not long after Plaintiff began working, two female co-workers resigned, which resulted in Plaintiff taking on the workload of three Quality Data Analysts.

25. The resignations left Plaintiff with around 90-100 charts to complete each month.

26. Although Plaintiff was reassured by his superiors that he would be receiving assistance, he did not receive the assistance that Defendants promised.

27. Consequently, Plaintiff soon began to experience mental health consequences associated with the volume and pace of the work, which caused an increased level of stress.

28. Specifically, Plaintiff was diagnosed with Anxiety, depression and Post Traumatic Stress Disorder ("PTSD").

29. Despite the challenges caused by the increased volume and pace of the work, Plaintiff was able to keep pace for a while, but the volume was simply beyond his ability to handle in a 40-hour work week.

30. Eventually, even though Defendants subjected Plaintiff to an unreasonable work requirement, Defendants put on a Performance Improvement Plan ("PIP") for three months for allegedly not meeting expectations.

31. Despite the invalidity of this performance criticism, Plaintiff completed the PIP.

32. Meanwhile, Plaintiff's Caucasian female coworkers in similar roles were not subjected to the same scrutiny, workload, or disciplinary standards.

33. Due to the continuing demands of his position, Mr. Darby's physician recommended that he take medical leave on November 4, 2024.

34. Mr. Darby was initially anticipated to be out of work from November 4 through December 30, 2024. However, he was terminated on November 11, 2024.

35. The termination came less than one week after Mr. Darby asserted his rights to reasonable accommodation and sought medical leave.

36. In an apparent admission that Mr. Darby was dismissed for unsupportable reasons, Defendants returned Mr. Darby to work in May 2025 after his physician released him from his medical restrictions.

37. Plaintiff's medical provider recommended that Plaintiff work on a limited schedule, for a total of 20 hours per week rather than the 40-hour week due to his diagnosed medical condition.

38. Plaintiff requested reasonable accommodation for a limited work schedule of 20 hours per week based on the recommendation of his medical provider.

39. While the approval of the reduced hours was intended to give the appearance that Mr. Darby's medical conditions were being accommodated, his workload and expectations were not decreased in proportion to his hours.

40. Instead, Mr. Darby was required to perform 13-15 cases per week in his 20 hours of work and was also assigned the most challenging cases that required more time to address.

41. This level of production was unreasonable and not comparable to the workloads assigned to his Caucasian female co-workers who were not disabled.

42. Due to the ongoing stress placed on Mr. Darby by the disparate workload, he was placed on another PIP in October 2025 and terminated in December 2025.

43. Defendants intentionally discriminated against Mr. Darby because of his disability and his race and retaliated against him because of his requests for protected medical leave, because he requested a reasonable accommodation in the workplace, because he complained concerning the discriminatory treatment to which he was subjected, and because he filed charges of discrimination with the EEOC.[2]

---

[2] Plaintiff filed his charges of discrimination in June 2025. The discriminatory and retaliatory conduct that occurred between June 2025 and his December 2025 termination naturally grew out of Plaintiff's protected EEOC filings, and this Court has ancillary jurisdiction over those claims. *See Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 169 (11th Cir.1988); *see also Nash v. Palm Beach County School District*, 2009 WL 2589114, 2009 U.S. Dist. LEXIS 72766 (S.D. Fla. Aug 18, 2009) ("If a plaintiff was required to file a second charge to include retaliation, it would result in a 'double filing that would serve no purpose.'"). However, out of an abundance of caution, Plaintiff will be filing new charge of discrimination with the EEOC regarding the claims that post-date his June 2025 charges of discrimination.

**Defendants were Joint Employers of Plaintiff**

44. Plaintiff was employed as an employee of both Baptist Health and American Data Network and jointly made decisions concerning the terms and conditions of Plaintiff's employment.

45. At the beginning of his employment, Plaintiff signed forms prepared by Baptist Health and required to be signed by Baptist Health employees.

46. ADN performs healthcare data analytics services to help Baptist Health optimize their operations.

47. Plaintiff was hired through Baptist Health to work at ADN and was compensated through Baptist Health.

48. Plaintiff also received training through both Baptist Health and ADN.

49. During the course of his employment, Plaintiff was managed by and reported to both Baptist Health and ADN leaders and followed both Baptist Health and ADN policies and procedures.

50. Consequently, both Baptist Health and American Data Network controlled the terms and conditions of Plaintiff's employment and are therefore joint employers of Plaintiff.

**COUNT I – DISCRIMINATION**
**IN VIOLATION OF THE ADA**

51. Plaintiff incorporates the allegations made in paragraphs 1, 6, 8, and 9-50 as if fully set forth herein.

52. Plaintiff is an individual with a disability within the meaning of the ADA.

53. Plaintiff is an individual whom Defendants perceived as having a disability within the meaning of the ADA.

54. Plaintiff was able to perform the essential functions of his position as a Quality Control Specialist.

55. Defendants were aware of Plaintiff's disability.

56. Defendants discriminated against Plaintiff because of his disability by denying Plaintiff's reasonable request for accommodation, intentionally failing to reduce Plaintiff's workload even thorough Plaintiff's work hours had been reduced thereby essentially denying Plaintiff's reasonable request for a reduced work schedule.

57. Defendants had an ongoing legal obligation to maintain a workplace free of unlawful discrimination.

58. Defendants' actions and/or inactions violated the ADA and deprived Plaintiff of his rights guaranteed by law.

59. Said acts of discrimination by Defendants, as set forth above, have caused and continue to cause Plaintiff past and ongoing damages, including but not limited to actual damages, loss of past and future pay and benefits, pain and

suffering and emotional distress, and attorneys' fees and costs associated with bringing the instant action.

WHEREFORE, Plaintiff seeks an order prohibiting discriminatory practices set forth above, an order awarding front pay and benefits, back pay and benefits, compensatory damages, pre and post judgment interests, damages for emotional distress, attorneys' fees and costs and any other relief that this Court deems just and proper.

## COUNT II– DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA

60. Plaintiff incorporates the allegations made in paragraphs 5, and 7-50 as if fully set forth herein.

61. Plaintiff is an individual with a disability within the meaning of the FCRA.

62. Plaintiff is an individual whom Defendants perceived as having a disability within the meaning of the FCRA.

63. Plaintiff was able to perform the essential functions of his position as a Quality Data Analyst.

64. Defendants were aware of Plaintiff's disability.

65. Defendants discriminated against Plaintiff because of his disability by denying Plaintiff's reasonable request for accommodation on several occasions, intentionally failing to reduce Plaintiff's workload even thorough Plaintiff's work

hours had been reduced, thereby essentially denying Plaintiff's reasonable request for a reduced work schedule.

66. Defendants had an ongoing legal obligation to maintain a workplace free of unlawful discrimination.

67. Defendants' actions and/or inactions violated the FCRA and deprived Plaintiff of his rights guaranteed by law.

68. Said acts of discrimination by Defendants, as set forth above, have caused and continue to cause Plaintiff past and ongoing damages, including but not limited to actual damages, loss of past and future pay and benefits, pain and suffering and emotional distress, and attorneys' fees and costs associated with bringing the instant action.

WHEREFORE, Plaintiff seeks an order prohibiting discriminatory practices set forth above, an order awarding front pay and benefits, back pay and benefits, compensatory damages, pre and post judgment interests, damages for emotional distress, attorneys' fees and costs and any other relief that this Court deems just and proper.

## COUNT III- RACE DISCRIMINATION IN VIOLATION OF TITLE VII

69. Plaintiff incorporates the allegations made in paragraphs 2, 6, and 8-50 as if fully set forth herein.

70. Plaintiff is Black, African American man and belongs to a protected class under Title VII.

71. Defendants discriminated against Plaintiff due to his race by among other things subjecting him to different terms and conditions of employment as his Caucasian counterparts, including but not limited to assigning Plaintiff the more difficult cases and a bigger caseload, placing Plaintiff on a PIP, subjecting Plaintiff to harsher disciplinary action than his white counterparts and terminating Plaintiff's employment.

72. Defendants had an ongoing legal obligation to maintain a workplace free of unlaw discrimination.

73. Defendants' actions and/or inactions violated Title VII and deprived Plaintiff of his rights guaranteed by law.

74. Said acts of discrimination by Defendants, as set forth above, have caused and continue to cause Plaintiff past and ongoing damages, including but not limited to actual damages, loss of past and future pay and benefits, pain and suffering and emotional distress, and attorneys' fees and costs associated with bringing the instant action.

WHEREFORE, Plaintiff seeks an order prohibiting discriminatory practices set forth above, an order awarding front pay and benefits, back pay and benefits, compensatory damages, pre and post judgment interests, damages for emotional

distress, attorneys' fees and costs and any other relief that this Court deems just and proper.

**COUNT IV – RACE DISCRIMINATION IN VIOLATION OF FCRA**

75. Plaintiff incorporates the allegations made in paragraphs 5, and 7-50 as if fully set forth herein.

76. Plaintiff is Black, African American man and belongs to a protected class.

77. Defendants discriminated against Plaintiff due to his race by among other things subjecting him to different terms and conditions of employment as his Caucasian counterparts, including but not limited to assigning Plaintiff the more difficult cases and a bigger caseload, placing Plaintiff on a PIP, subjecting Plaintiff to harsher disciplinary action than his white counterparts and terminating Plaintiff's employment.

78. Defendants had an ongoing legal obligation to maintain a workplace free of unlaw discrimination.

79. Defendants' actions and/or inactions violated Title VII and deprived Plaintiff of his rights guaranteed by law.

80. Said acts of discrimination by Defendants, as set forth above, have caused and continue to cause Plaintiff past and ongoing damages, including but not limited to actual damages, loss of past and future pay and benefits, pain and

suffering and emotional distress, and attorneys' fees and costs associated with bringing the instant action.

WHEREFORE, Plaintiff seeks an order prohibiting discriminatory practices set forth above, an order awarding front pay and benefits, back pay and benefits, compensatory damages, pre and post judgment interests, damages for emotional distress, attorneys' fees and costs and any other relief that this Court deems just and proper.

## COUNT V- RETALIATION IN VIOLATION OF THE FMLA

81. Plaintiff incorporates the allegations made in paragraphs 4, 6, and 8-50 as if fully set forth herein.

82. Plaintiff engaged in protected activity when he requested leave pursuant to the FMLA and opposed Defendants' violations of the FMLA by submitting internal complaints concerning his wrongful termination while on medical leave and by filing a charge of discrimination with the EEOC.

83. Defendants retaliated against Plaintiff by issuing an unwarranted PIP to Plaintiff and terminating his employment

84. The retaliatory actions were such that they would dissuade a reasonable employee from opposing violations of the FMLA.

85. Defendants' retaliatory actions violated the FMLA and deprived Plaintiff of his rights guaranteed by law.

86. Said acts of retaliation by Defendants, as set forth above, have caused and continue to cause Plaintiff past and ongoing damages, including but not limited to actual damages, loss of past and future pay and benefits, pain and suffering and emotional distress, and attorneys' fees and costs associated with bringing the instant action.

WHEREFORE, Plaintiff seeks an order prohibiting discriminatory practices set forth above, an order awarding front pay and benefits, back pay and benefits, liquidated damages, pre and post judgment interests, damages for emotional distress, attorneys' fees and costs and any other relief that this Court deems just and proper.

**COUNT VI- RETALIATION**
**IN VIOLATION OF THE ADA**

87. Plaintiff incorporates the allegations made in paragraphs 1, 6, 8, and 9-50 as if fully set forth herein.

88. Plaintiff engaged in protected activity when he opposed Defendants' violations of the ADA by submitting internal complaints concerning the denial of his request for accommodation and by filing a charge of discrimination with the EEOC.

89. Defendants retaliated against Plaintiff by terminating his employment

90. The retaliatory actions were such that they would dissuade a reasonable employee from opposing violations of the ADA.

91. Defendants' retaliatory actions violated the ADA and deprived Plaintiff of his rights guaranteed by law.

92. Said acts of retaliation by Defendants, as set forth above, have caused and continue to cause Plaintiff past and ongoing damages, including but not limited to actual damages, loss of past and future pay and benefits, pain and suffering and emotional distress, and attorneys' fees and costs associated with bringing the instant action.

WHEREFORE, Plaintiff seeks an order prohibiting discriminatory practices set forth above, an order awarding front pay and benefits, back pay and benefits, compensatory damages, pre and post judgment interests, damages for emotional distress, attorneys' fees and costs and any other relief that this Court deems just and proper.

**COUNT VII – RETALIATION**
**IN VIOLATION OF TITLE VII**

93. Plaintiff incorporates the allegations made in paragraphs 2, 6, and 8-50 as if fully set forth herein.

94. Plaintiff engaged in protected activity when he opposed Defendants' discriminatory practices relating to his race by submitting internal complaints and by filing a charge of discrimination with the EEOC.

95. Defendants retaliated against Plaintiff by issuing an unwarranted PIP to Plaintiff and terminating his employment

96. The retaliatory actions were such that they would dissuade a reasonable employee from opposing violations of Title VII.

97. Defendants' retaliatory actions violated Title VII and deprived Plaintiff of his rights guaranteed by law.

98. Said acts of retaliation by Defendants, as set forth above, have caused and continue to cause Plaintiff past and ongoing damages, including but not limited to actual damages, loss of past and future pay and benefits, pain and suffering and emotional distress, and attorneys' fees and costs associated with bringing the instant action.

WHEREFORE, Plaintiff seeks an order prohibiting discriminatory practices set forth above, an order awarding front pay and benefits, back pay and benefits, compensatory damages, pre and post judgment interests, damages for emotional distress, attorneys' fees and costs and any other relief that this Court deems just and proper.

## COUNT VIII – RETALIATION IN VIOLATION OF THE FCRA

99. Plaintiff incorporates the allegations made in paragraphs 5, and 7-50 as if fully set forth herein.

100. Plaintiff engaged in protected activity when he opposed Defendants' discriminatory practices relating to his race and disability by submitting internal complaints alleging dicrimination and by filing a charge of discrimination with the EEOC.

101. Defendants retaliated against Plaintiff by issuing an unwarranted PIP to Plaintiff and terminating his employment

102. The retaliatory actions were such that they would dissuade a reasonable employee from opposing violations of the FCRA.

103. Defendants' retaliatory actions violated the FCRA and deprived Plaintiff of his rights guaranteed by law.

104. Said acts of retaliation by Defendants, as set forth above, have caused and continue to cause Plaintiff past and ongoing damages, including but not limited to actual damages, loss of past and future pay and benefits, pain and suffering and emotional distress, and attorneys' fees and costs associated with bringing the instant action.

WHEREFORE, Plaintiff seeks an order prohibiting discriminatory practices set forth above, an order awarding front pay and benefits, back pay and benefits, compensatory damages, pre and post judgment interests, damages for emotional distress, attorneys' fees and costs and any other relief that this Court deems just

and proper. Plaintiff incorporates the allegations made in paragraphs 1- 49 as if fully set forth herein.

**COUNT VIII DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981**

105. Plaintiff incorporates the allegations made in paragraphs 3, 6, and 8-16, and 22-50 as if fully set forth herein.

106. Plaintiff is Black, African American man.

107. At all relevant times, Plaintiff and Defendant had a contractual relationship with Defendants, specifically he was employed to provide services to Defendants.

108. Defendant intentionally discriminated against Plaintiff on the basis of race.

109. Defendants discriminated against Plaintiff due to his race by among other things subjecting him to different terms and conditions of employment as his Caucasian counterparts, including but not limited to assigning Plaintiff the more difficult cases and a bigger caseload, placing Plaintiff on a PIP, subjecting Plaintiff to harsher disciplinary action than his white counterparts and terminating Plaintiff's employment.

110. Defendant's discriminatory conduct interfered with and impaired Plaintiff's right to make and enforce contracts as guaranteed by 42 U.S.C. § 1981(a).

111. The term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual employment relationship.

112. The rights protected by 42 U.S.C. § 1981 are protected against impairment by nongovernmental discrimination.

113. Said acts of discrimination by Defendants, as set forth above, have caused and continue to cause Plaintiff past and ongoing damages, including but not limited to actual damages, loss of past and future pay and benefits, pain and suffering and emotional distress, and attorneys' fees and costs associated with bringing the instant action.

WHEREFORE, Plaintiff seeks an order prohibiting discriminatory practices set forth above, an order awarding front pay and benefits, back pay and benefits, compensatory damages, pre and post judgment interests, damages for emotional distress, attorneys' fees and costs and any other relief that this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

114. Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 4 day of September, 2026.

________________________

Ron Darby
11466 Leatherback Ct.
Jacksonville FL
32256