**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RONDRIEKAS DARBY,

Plaintiff,

v. Case No. 3:26-cv-2266-MMH-LLL

BAPTIST HEALTH MEDICAL CENTER and AMERICAN DATA NETWORK, LLC,

Defendants.
_______________________________/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. On September 4, 2026, Plaintiff Rondriekas Darby initiated this action by filing a Complaint and Demand for Jury Trial (Doc. 1; Complaint) against Defendants Baptist Health Medical Center (Baptist) and American Data Network, LLC (American). See generally Complaint. Upon review, the Complaint is due to be stricken because it constitutes an impermissible "shotgun pleading."

While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "conform to procedural rules[,]" Riley v. Fairbanks Cap. Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)). The Federal Rules of Civil

Procedure (Rule(s)) require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (quoting Sams v. United Food & Comm'l Workers Int'l Union, 866 F.2d 1380, 1384 (11th Cir. 1989)). Despite the liberal pleading requirements of Rule 8, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). In addition, Rule 10 requires that, in a complaint, a plaintiff "state [his] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rule 10(b). And, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." See id. Rules 8 and 10 work together

> to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quoting T.D.S., Inc. v. Shelby Mut. Ins. Co., 760 F.2d 1520, 1543 (11th Cir. 1985) (Tjoflat, J., dissenting)).

Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings).[1] The Eleventh Circuit has unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in "a thirty-year salvo of criticism

---

[1] In Weiland, the Eleventh Circuit "identified four rough types or categories of shotgun pleadings." See Barmapov v. Amuial, 986 F.3d 1321, 1324 (11th Cir. 2021) (quoting Weiland, 792 F.3d at 1321). As the Barmapov court explained,

> The first [category] is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

Id. at 1324–25 (citations omitted) (quoting Weiland, 792 F.3d at 1321–23).

aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792 F.3d at 1321; see, e.g., id. at 1321 n.9 (collecting cases). As the court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. As such, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Relevant here is the fourth type of shotgun pleading because Darby asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland, 792 F.3d at 1323; see, e.g., id. at 1323 n.14 (collecting cases). As with claims premised on different facts and legal theories, claims against different defendants should be separated into different counts. This allows each defendant to more readily identify which

claims and factual allegations are directed at that defendant so the defendant can frame a responsive pleading. In the Complaint, Darby brings eight claims, but it is unclear whether each claim is against Baptist, American, or both defendants. See generally Complaint. And when describing the facts that give rise to the claims, Darby fails to specify which defendant is responsible for which action(s). See generally id. Indeed, in most places, Darby lumps Baptist and American together by alleging that "Defendants" took certain actions. See, e.g., id. ¶ 65 ("Defendants discriminated against Plaintiff because of his disability . . . ." (emphasis added)). In doing so, Darby fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323.

Because the Complaint is an impermissible shotgun pleading, the Court will strike the filing and direct Darby to file a corrected complaint. See Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460 (11th Cir. 2010) ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement."). Darby is cautioned that failure to file a corrected complaint that complies with the Rules and this Order will likely result in the dismissal of this action.

Prior to filing the corrected complaint, the Court encourages Darby to consider consulting with a legal aid organization that offers free legal services, such as Jacksonville Area Legal Aid (JALA). Alternatively, the Jacksonville

Federal Court Bar Association operates a Legal Information Program. Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Darby may call the Clerk's Office at (904) 549-1900 to request an appointment. More information about the program is available on the Court's website at www.flmd.uscourts.gov/legal-information-program.[2]

In light of the foregoing, it is

**ORDERED**:

1. The Complaint and Demand for Jury Trial (Doc. 1) is **STRICKEN**.
2. Rondriekas Darby shall have up to and including **October 13, 2026**, to file a corrected complaint.[3] Darby is cautioned that failure to file a

[2] In preparing his corrected complaint and any future filings, the Court recommends that Darby visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants Without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without a Lawyer." If Darby does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

[3] The filing of the corrected complaint does not affect any right Darby may have to amend as a matter of course under Rule 15(a)(1).

corrected complaint in accordance with this Order may result in the dismissal of this action.

**DONE AND ORDERED** in Jacksonville, Florida, September 14, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

lc36

Copies to:
Pro se party